## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PALM BEACH DIVISION

| | |
|---|---|
| JEFF GREENFIELD, individually; and ELLEN GREENFIELD, individually, <br><br> Plaintiffs, <br><br> v. <br><br> HUNTER WARFIELD, INC., a Maryland corporation, <br><br> Defendant. | ) ) ) ) ) Case No. ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |

## COMPLAINT

1. This is an action for damages arising from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Defendant violated said Act while attempting to collect a debt from Plaintiffs.

2. By alleging multiple communications with varying amounts and interest rates, a plaintiff plausibly states a claim that the language was false, deceptive, or misleading as to the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A). *Carr v. Northland Group, Inc.*, No. 3:12-CV-378 (E.D. Tenn. Dec, 11, 2012) (citing *Stonecypher v. Finkelstein Kern Steinberg & Cunningham*, 2011 WL 3489685 (E.D. Tenn. Aug. 9, 2011).

3. The use of any false, deceptive, or misleading representation or means in connection with the collection of any debt establishes a concrete injury for purposes of Article III standing. *See Bautz v. ARS Nat. Services, Inc.*, 226 F. Supp. 3d 131, 145 (E.D.N.Y. 2016).

1

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006).

5. The FDCPA has a one-year statute of limitations. *Archer v. Aldridge Connors, LLP*, 998 F. Supp. 2d 1360, 1362 (S.D. Fla. 2014).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce …"), and 15 U.S.C. §1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, …").

7. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred here. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, …").

## PARTIES

8. Jeff Greenfield is a natural person and resident of Boca Raton, Florida. Boca Raton is located in Palm Beach County.

9. Jeff Greenfield, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

10. Ellen Greenfield is a natural person and resident of Boca Raton, Florida. Boca Raton is located in Palm Beach County.

11. Ellen Greenfield, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

12. Jeff Greenfield and Ellen Greenfield are, at times herein, cumulatively referred to as "Plaintiffs."

13. Hunter Warfield, Inc. ("Defendant") is a Maryland corporation whose principal place of business is 4620 Woodland Corporate Blvd., Tampa, FL 33614, and whose registered agent for service of process in the State of Florida is Stephen Sobota, 4620 Woodland Corporate Blvd., Tampa, FL 33614.

14. Hunter Warfield, Inc., through the mailing of debt collection letters, regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Hunter Warfield, Inc. is registered as a consumer collection agency in the State of Florida (#CCA0900645) and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS
### (As to Plaintiff Jeff Greenfield)

16. On or about August 1, 2017, Defendant mailed an "initial communication" debt collection letter to Plaintiff Jeff Greenfield at his home in Boca Raton, Florida.

17. The debt collection letter purported to inform Mr. Greenfield that Hunter Warfield, Inc. had been retained to collect a "delinquency" in the amount of $3295.06, allegedly arising from charges related to a residential lease, a "debt" within the meaning

3

of 15 U.S.C. § 1692a(5). *Romea v. Heiberger & Associates*, 163 F.3d 111, 115 (2d Cir. 1998).

18. The August 1, 2017, debt collection letter sought no interest, fee, charge, or expense incidental to the alleged principal obligation.

19. On or about September 12, 2017, Defendant mailed another debt collection letter to Plaintiff Jeff Greenfield at his home in Boca Raton, Florida.

20. After receiving the September 12, 2017, debt collection letter, and upon review of the residential lease at issue, Mr. Greenfield recognized that the letter demanded payment of additional amounts not expressly authorized by the residential lease or permitted by law. Specifically, the debt collection letter charged interest at the rate of approximately 51 cents per day, an annual rate of 5.65%.

21. On or about January 22, 2018, Defendant mailed another debt collection letter to Plaintiff Jeff Greenfield at his home in Boca Raton, Florida.

22. After receiving the January 22, 2018, debt collection letter, and upon review of the residential lease at issue and the debt collection letter of September 12, 2017, Mr. Greenfield recognized that the letter demanded payment of additional amounts not expressly authorized by the residential lease or permitted by law, and at a different interest rate than that calculated in the September 12, 2017 letter. Specifically, the debt collection letter charged interest at the rate of approximately $1.47 per day, an annual rate of 16.2%.

23. On or about May 2, 2018, Defendant mailed yet another debt collection letter to Plaintiff Jeff Greenfield at his home in Boca Raton, Florida.

24. After receiving the May 2, 2018 debt collection letter, and upon review of the residential lease at issue and the debt collection letters of September 12, 2017 and

January 22, 2018, Mr. Greenfield recognized that the letter demanded payment of additional amounts not expressly authorized by the residential lease or permitted by law, and at a different interest rate than that calculated in the September 12, 2017 letter or in the January 22, 2018 letter. Specifically, the debt collection letter charged interest at the rate of approximately $1.58 per day, an annual rate of 17.5%.

25. If the amount of interest demanded in the September 12, 2017 letter *is* in an amount expressly authorized by the agreement creating the debt or permitted by law, the interest demanded in the January 22, 2018, and May 2, 2018, letters must, therefore, be incorrect.

26. If the amount of interest demanded in the January 22, 2018, letter *is* in an amount expressly authorized by the agreement creating the debt or permitted by law, the interest demanded in the September 12, 2017, and May 2, 2018, letters must, therefore, be incorrect.

27. If the amount of interest demanded in the May 2, 2018, letter *is* in an amount expressly authorized by the agreement creating the debt or permitted by law, the interest demanded in the September 12, 2017, and January 22, 2018, letters must, therefore, be incorrect.

28. A review of Mr. Greenfield's credit report indicates that Defendant is reporting these inconsistent inaccuracies to one or more credit reporting agencies.

### FACTUAL ALLEGATIONS
### (As to Plaintiff Ellen Greenfield)

29. On or about August 1, 2017, Defendant mailed an "initial communication" debt collection letter to Plaintiff Ellen Greenfield at her home in Boca

Raton, Florida.

30. The debt collection letter purported to inform Mrs. Greenfield that Hunter Warfield, Inc. had been retained to collect a "delinquency" in the amount of $3295.06, allegedly arising from charges related to a residential lease, a "debt" within the meaning of 15 U.S.C. § 1692a(5). *Romea v. Heiberger & Associates*, 163 F.3d 111, 115 (2d Cir. 1998).

31. The August 1, 2017, debt collection letter sought no interest, fee, charge, or expense incidental to the alleged principal obligation.

32. On or about September 12, 2017, Defendant mailed another debt collection letter to Plaintiff Ellen Greenfield at her home in Boca Raton, Florida.

33. After receiving the September 12, 2017, debt collection letter, and upon review of the residential lease at issue, Mrs. Greenfield recognized that the letter demanded payment of additional amounts not expressly authorized by the residential lease or permitted by law. Specifically, the debt collection letter charged interest at the rate of approximately 51 cents per day, an annual rate of 5.65%.

34. On or about January 22, 2018, Defendant mailed another debt collection letter to Plaintiff Ellen Greenfield at her home in Boca Raton, Florida.

35. After receiving the January 22, 2018, debt collection letter, and upon review of the residential lease at issue and the debt collection letter of September 12, 2017, Mrs. Greenfield recognized that the letter demanded payment of additional amounts not expressly authorized by the residential lease or permitted by law, and at a different interest rate than that calculated in the September 12, 2017 letter. Specifically, the debt collection letter charged interest at the rate of approximately $1.47 per day, an annual rate of 16.2%.

36. On or about May 2, 2018, Defendant mailed yet another debt collection letter to Plaintiff Ellen Greenfield at her home in Boca Raton, Florida.

37. After receiving the May 2, 2018 debt collection letter, and upon review of the residential lease at issue and the debt collection letters of September 12, 2017 and January 22, 2018, Mrs. Greenfield recognized that the letter demanded payment of additional amounts not expressly authorized by the residential lease or permitted by law, and at a different interest rate than that calculated in the September 12, 2017 letter or in the January 22, 2018 letter. Specifically, the debt collection letter charged interest at the rate of approximately $1.58 per day, an annual rate of 17.5%.

38. If the amount of interest demanded in the September 12, 2017 letter *is* in an amount expressly authorized by the agreement creating the debt or permitted by law, the interest demanded in the January 22, 2018, and May 2, 2018, letters must, therefore, be incorrect.

39. If the amount of interest demanded in the January 22, 2018, letter *is* in an amount expressly authorized by the agreement creating the debt or permitted by law, the interest demanded in the September 12, 2017, and May 2, 2018, letters must, therefore, be incorrect.

40. If the amount of interest demanded in the May 2, 2018, letter *is* in an amount expressly authorized by the agreement creating the debt or permitted by law, the interest demanded in the September 12, 2017, and January 22, 2018, letters must, therefore, be incorrect.

41. A review of Mrs. Greenfield's credit report indicates that Defendant is reporting these inconsistent inaccuracies to one or more credit reporting agencies.

## COUNT I
## Violation of the FDCPA at 15 U.S.C. § 1692e(2)(A)

42. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

43. Section 1692e(2)(A) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the false representation of "the character, amount, or legal status of any debt." *Valle v. First Nat. Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017).

44. Defendant's debt collection letters, one or more of them, falsely represent "the character, amount, or legal status" of the alleged debt.

45. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiffs request judgment in their favor, and against Defendant for:

    a. Statutory damages in the amount of $1,000 dollars to Plaintiff Jeff Greenfield;

    b. Statutory damages in the amount of $1,000 dollars to Plaintiff Ellen Greenfield;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems proper.

## COUNT II
### Violation of the FDCPA at 15 U.S.C. § 1692e(8)

46. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

47. Section 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." *Owens-Benniefield v. Nationstar Mortg. LLC*, 258 F. Supp. 3d 1300, 1311 (M.D. Fla. 2017).

48. Defendant violated Section 1692e(8) by reporting information on Plaintiffs which is known or which should be known to be false, specifically, the amount alleged to be due, to one or more credit reporting agencies during the time frame relevant to this action.

49. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiffs request judgment in their favor, and against Defendant for:

  e. Statutory damages in the amount of $1,000 dollars to Plaintiff Jeff Greenfield;

  f. Statutory damages in the amount of $1,000 dollars to Plaintiff Ellen Greenfield;

  g. Attorney's fees, litigation expenses and costs of suit;

  h. Such other or further relief as the Court deems proper.

## COUNT III
## Violation of the FDCPA at 15 U.S.C. § 1692f(1)

50. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

51. Section 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Michael v. HOVG, LLC*, 232 F. Supp. 3d 1229, 1238 (S.D. Fla. 2017).

52. Defendant violated Section 1692f(1) by charging random, varying interest rates or other charges from month-to-month, some or all of which were not "expressly authorized by the agreement creating the debt or permitted by law."

53. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiffs request judgment in their favor, and against Defendant for:

   i. Statutory damages in the amount of $1,000 dollars to Plaintiff Jeff Greenfield;

   j. Statutory damages in the amount of $1,000 dollars to Plaintiff Ellen Greenfield;

   k. Attorney's fees, litigation expenses and costs of suit;

   l. Such other or further relief as the Court deems proper.

## JURY DEMAND

54. Plaintiffs demand trial by jury.

Dated: July 24, 2018

        Respectfully submitted,

        s/ *Scott D. Owens*
        Scott D. Owens, Esq. (FBN 0598651)
        SCOTT D. OWENS, P.A.
        3800 S. Ocean Dr., Ste. 235
        Hollywood, FL 33019
        Tel: 954-589-0588
        Fax: 954-337-0666
        scott@scottdowens.com